■ The People of the State of New York, Respondent, v Eric Jones, Appellant. [61 NYS3d 482]—

Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered September 6, 2012, convicting defendant, after a nonjury trial, of criminal mischief in the third degree, aggravated cruelty to animals, aggravated harassment in the second degree, and torturing and injuring animals, and sentencing him, as a second felony offender, to concurrent terms of 20 to 40 months on the criminal mischief conviction, and one year on each of the remaining convictions, unanimously affirmed.

We reject defendant's challenges to the sufficiency and weight of the evidence supporting his aggravated cruelty to animals and criminal mischief convictions (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Initially, we find no basis for disturbing any of the court's credibility determinations.

The egregious manner in which defendant killed his former domestic partner's pet parakeet, along with the surrounding circumstances, established that he committed the crime of aggravated cruelty to animals, and specifically, that he intended to cause the bird extreme physical pain (Agriculture and Markets Law § 353-a [1] [i]). Contrary to defendant's contentions, the evidence does not suggest that the brutal killing of

the bird at issue caused a death that was so instantaneous that it would not be extremely painful. Defendant argues that this was an "ordinary killing" of an animal that should be punished as a misdemeanor offense of overdriving, torturing, and injuring animals (Agriculture and Markets Law § 353), the crime of which defendant was convicted for killing the victim's other pet parakeet. However, defendant's conduct toward the bird at issue was extremely heinous. The court could draw a reasonable inference of extreme physical pain from the fact that the bird had been crushed flat between the bars of its cage. The time it takes to kill an animal is not dispositive under the statute (*see People v Garcia*, 29 AD3d 255, 261 [1st Dept 2006], *lv denied* 7 NY3d 789 [2006]).

Regarding the conviction of criminal mischief in the third degree, the evidence established that defendant caused damage to various items in the victim's apartment in the amount of $455, which well exceeded the statutory threshold of $250. This was established through the testimony of the victim and that of expert witnesses (*see People v Garcia*, 29 AD3d at 263; *People v Daniels*, 180 AD2d 567 [1st Dept 1992], *lv denied* 80 NY2d 829 [1992]), whose experience and credentials rendered them competent to express opinions about the value of the property defendant destroyed. Concur—Tom, J.P., Renwick, Andrias, Singh and Moulton, JJ.